J-A23004-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| JERRY VALLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIN M. MILLER | : | No. 147 WDA 2019 |

Appeal from the Judgment Entered February 25, 2019,
in the Court of Common Pleas of Westmoreland County,
Civil Division at No(s):  5587 of 2014.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                FILED OCTOBER 28, 2019

Jerry Valle appeals from the judgment entered against him following a jury trial on his personal injury claim against Erin M. Miller.  For the reasons discussed below, we affirm.

The trial court succinctly explained the factual and procedural history of this case as follows:

> [T]he case involves a pedestrian accident which occurred on October 17, 2013[,] near the intersection of South Maple Avenue and Fourth Street in the city of Greensburg, Pennsylvania.  [Valle] was struck by [Miller's] vehicle as he crossed the road.  [Valle] claimed that [Miller] violated the assured clear distance ahead rule, while [Miller] claimed the defense of the sudden emergency doctrine.  At the conclusion of trial, the jury returned a verdict finding that [Miller] was not negligent.

Trial Court Opinion, 1/8/19, at 1.

Valle filed post-trial motions, which the trial court denied. This timely appeal followed. The trial court did not require a 1925(b) concise statement, but did provide a 1925(a) opinion.

Valle raises two related questions for our review on appeal:

1. Whether the court properly instructed the jury on the issues of the sudden emergency doctrine and the assured clear distance rule.

2. Whether the evidence merited providing the jury an instruction on the sudden emergency doctrine.

Valle's Brief at 2 (unnecessary capitalization omitted).[1]

We must first determine whether Valle preserved his issues for our review. Both of his issues concern the propriety of the trial court's instruction to the jury on the sudden emergency doctrine. Our courts have made clear that an appellant must make a timely and specific objection to a jury instruction to preserve for review a claim that the jury charge was legally or factually flawed. McManamon v. Washko, 906 A.2d 1259, 1282, (Pa. Super. 2006); see also Pa.R.C.P. 227.1(b) ("post-trial relief may not be granted unless the grounds therefor . . . were raised in pre-trial proceedings or by

_____

[1] We note with disapproval that, in the argument section of his brief, Valle combines his two issues into one argument. Pursuant to our Rules of Appellate Procedure, Valle was required to structure his appellate brief so that the argument section of the brief was "divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Valle failed to adhere to this requirement.

motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial");[2] Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.").

Valle claims that he objected to an instruction on the sudden emergency doctrine. In doing so, Valle cites to the place in the record where, in fact, Valle's counsel initially objected to an instruction on the sudden emergency doctrine. See N.T. Trial, 7/16-18/18, at 297. However, Valle concedes that his counsel subsequently agreed to an instruction on the sudden emergency doctrine charge if the trial court would also instruct the jury on the assured clear distance doctrine. Valle's Brief at 7 n.1; see also N.T. Trial, 7/16-18/18, at 298.[3]

_____

[2] Further, the note to Rule 227.1 explains "[i]f no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief." Pa.R.C.P. 227.1, Note.

[3] Valle additionally claims that, after he consented to the sudden emergency doctrine instruction, he subsequently objected to that charge. Valle's Brief at 7 n.1 (citing N.T. Trial, 7/16-18/18, at 298-99). However, our review of the trial transcript reflects that Valle's only specific objection concerned the comparative negligence instruction. Id. Notably, a sudden emergency excuses a defendant's conduct, whereas comparative negligence examines a plaintiff's conduct. Thus, the two are separate and distinct legal concepts. As such, we conclude that Valle's objection to the comparative negligence charge did not constitute an objection to the sudden emergency charge.

The trial court determined that any challenge to the jury instruction on the sudden emergency doctrine was waived because Valle's counsel consented to that instruction. The trial court explained:

> The court and counsel discussed the requested points for charge, with [Valle] requesting the assured clear distance rule and [Miller] requesting the sudden emergency doctrine charge. This court suggested that both should be offered and counsel for both parties consented. Regarding allowing the sudden emergency instruction, counsel for [Valle] specifically stated "I could be willing to if you're willing to give the assured clear distance instruction, I will concede to the sudden emergency instruction. I think that would be fair."

Trial Court Opinion, 1/8/19, at 2 (quoting N.T. Trial, 7/16-18/18, at 298, emphasis added).

Our review of the record confirms the trial court's determination. After the court and counsel discussed the requested points for charge, the court suggested that the jury be given both the assured clear distance charge and the sudden emergency doctrine charge, and counsel for both parties agreed to that suggestion. See N.T. Trial, 7/16-18/18, at 298. Because Valle's counsel specifically consented to the jury being instructed on the sudden emergency doctrine, Valle cannot now challenge that instruction on appeal. See Thomas Jefferson Univ. v. Wapner, 903 A.2d 565, 573 (Pa. Super. 2006) (holding that, where appellants affirmatively approved the instruction given by the trial court, they were not entitled to appellate review).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/28/2019